**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re: Jeffrey M. Sober,** | **Case No. 15-31693-KLP** |
| **Janice M. Sober** | |
| **Debtors,** | |
| | **Chapter 13** |

**C. I. ASSOCIATES, L.P.,**

      **Plaintiff,**

v.                                                                          **Adv. Pro No. 15-03382-KLP**

**JANICE M. SOBER,**

      **Defendant.**

**SECOND SET OF INTERROGATORIES, ADMISSIONS AND REQUESTS FOR
PRODUCTION OF DOCUMENTS**

**COMES NOW** Janice M. Sober ("Debtor"), by counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, incorporated by FED.R.BANKR.PROC. 7026, 7033 and 7034, to request the Plaintiff to answer the following interrogatories under oath, in writing, separately and in the fullest detail possible, to respond to requests for Admissions, and to produce certain specified documents.

Each interrogatory shall be answered separately and fully in writing under oath, and shall be signed by the persons making them. A copy of the responses shall be served prior to the hearing on the merits of this matter.

You are under a duty pursuant to FED.R.CIV.PROC. 26(e) to seasonably supplement or correct your response with respect to (1) any incomplete or incorrect information; and (2) with

Kimberly A. Chandler, VSB# 47897
Richard C. Pecoraro, VSB# 48650
CHANDLER PECORARO, PLC
P.O. Box 17586
Richmond, VA 23226
Office: (804) 545-0737

respect to the testimony of an expert witness, any incomplete or incorrect information contained in an expert report or in the deposition testimony of the expert.  You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (1) you know that the response was incorrect when made, or (2) you know that the response though correct when made is no longer true, and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

<u>Complaint.</u>   As used in this discovery, "Complaint" means the subject of this Adversary Proceeding No.10-03008-KRH, the Complaint filed by David Scott Milliron, against [Docket No. 1].

<u>Document</u>.  As used in this discovery, the term "document" means any tangible medium upon which information or data can be communicated, recorded or retrieved, whether set down by handwriting, typewriting, printing, photocopying, photographing, magnetic impulse, mechanical or electronic recording, electronic mail or any other form of data compilation, that is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.  The term "document" includes, without limitation, the original and each duplicate, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, email, telegram, cable, report, record, contract, agreement, study, hand-written note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, tape recording, photograph, microfilm, or data sheet, in electronic or ordinary form.

Duplicate.  As used in these interrogatories, a "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, specifically including electronic copies of computer files, or by chemical reproduction, or by other equivalent techniques that accurately reproduces the original.

Occurrence.  As used in these interrogatories, the term "occurrence" refers to the time, place and circumstance of the occurrence, incident, event or transaction mentioned or complained of in the pleadings, unless otherwise indicated.

Identification, Identify, Identity.  As used in these interrogatories, the terms "identification," "identify," or "identity," when used in reference to:

(a) a natural individual, require you to state his full name, residential and business addresses, and residential and business telephone numbers;

(b) a corporation, require you to state its full corporate name and any names under which it does business, the address of its principal place of business and the telephone number of its principal place of business;

(c) a business or other unincorporated organization, require you to state the full name or style under which the business is conducted, its business address or addresses, its telephone number or numbers the types of business in which it is engaged, and the identity of the person or persons who own, operate, and control the business;

(d) a document, require you to state the nature of the document (e.g., letter or memorandum), its title, its date, the identity of its authors and recipients, a brief description of its contents, and the identity of its present custodian.

<u>Or</u>. As used in these interrogatories, the word "or" should not be read so as to eliminate any part of the interrogatory in which it appears, but, whenever applicable, it should have the same meaning as the word "and". For example, an interrogatory stating, "support or refer" should be read as "support and refer" if an answer that does both can be made.

<u>Original</u>. As used in these interrogatories, an "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print there from. If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original", as is an electronic copy of the computer file from which such a printout may be made.

<u>Person</u>. As used in these interrogatories, the term "person" means any natural individual and any entity or organization, including divisions, departments, and other units, and includes, without limitation, a public or private corporation, partnership, limited partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

<u>Photographs</u>. As used in these interrogatories, the term "photographs" includes still photographs, X-ray films, videotapes, and motion pictures. The term also includes computer files that will, with appropriate processing, result in a "photograph" as the term is herein defined.

<u>Representative</u>. As used in these interrogatories, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person to which these interrogatories are directed.

Statement.  As used in these interrogatories, the term "statement" means communication in any form and includes written and oral communications.  A written communication, as used in these interrogatories, is a document as defined above.  An oral communication includes, but is not limited to, telephonic communications.

You, Your, or Yourself.  As used in these interrogatories, the terms, "you", "your", and "yourself" refer to the person upon whom/which these interrogatories have been served, each of his agents, representatives, and attorneys, and each person acting or purporting to act on his behalf. With respect to the defendants, it means each individual defendant unless (and only if) the answer to the interrogatory is the same for both defendants, in which case a joint answer may be made. Specifically, the term "you" and "your" means Wachovia Bank, National Association and any successor-in-interest.

If you contend that you are entitled to withhold from production any document identified in these interrogatories on the basis of attorney-client privilege, the work-product doctrine, or any other grounds, then describe the nature of the document (*e.g.,* letter, memorandum), state the date of the document, identify the person or persons who sent or received the original or any copies of the document, state the title of the document and describe its subject matter (without revealing the information as to which the privilege is claimed), and state the factual and legal basis, including specific statutory authority, upon which you contend you are entitled to withhold the document from production.

## INTERROGATORIES

1. Please identify yourself, and each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information to you in connection with the

5

preparation of your responses to these interrogatories and, with respect to each person that you identify, list the numbers of the interrogatories to which he or she helped prepare the responses or with respect to which he or she was consulted, relied upon or otherwise constituted a source of information.

    ANSWER:

2. Please identify Laura Stephens, her relationship to the case, her current position, current employer including start dates, her past employment at it related to these proceedings, starting July 1, 2005 to present, all persons upon whom she relied to prepare any probative evidence to support any claims from CIA, LP, against Janice Sober. Further, identify the matters and areas to which Ms. Stephens has responsibility in her position (be it past or present with Creditor), and state her relationship to or direct contact with Debtor and include the facts and circumstances known to her that bear on any allegations against Mrs. Sober, inclusive of dates when those matters arose. Also, identify any depositions, sworn statements, affidavits or expert reports or opinions by Laura Stephens.

    ANSWER:

3. Please identify all documents, records, compilations of records and correspondence, or emails and or electronic communications relating to the allegations against Mrs. Sober and all exhibits thereto and for each, state the date, the existence of such that were

prepared by or relied upon by Laura Stephens, and the preparer and/or author of each and the circumstances to which they relate to the allegations of the against Mrs. Sober.

## REQUESTS FOR ADMISSIONS

Please admit that:

  A. Laura Stephens, did not testify under oath as to the facts at the default hearing for Prince George Circuit Court Case No. CL07000095-000.

  RESPONSE:

  B. No depositions, sworn statements, or affidavits by Laura Stephens, were offered at the default hearing for Prince George Circuit Court Case No. CL07000095-000.

  RESPONSE:

  C. No depositions, sworn statements, or affidavits, were offered at the default hearing for Prince George Circuit Court Case No. CL07000095-000.

  RESPONSE;

  D. No depositions, sworn statements, or affidavits of witnesses were in the possession of Counsel when he filed Adversary Proceeding No. 15-03382-KLP, on July 3, 2015.

  RESPONSE;

E.  No expert reports or opinions were in the possession of Counsel when he filed Adversary Proceeding No. 15-03382-KLP, on July 3, 2015.

RESPONSE;

F.  No expert reports or opinions currently exist prepared by Laura Stephens or any other party as related to the allegations herein.

RESPONSE;

G..  In Prince George Circuit Court Case No. CL07000095-000., no proof of service exists against Janice M. Sober.

RESPONSE:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Produce all documents identified or related to your responses to the foregoing First Set of Interrogatories and Requests for Admissions.

2.  Produce all documents relied upon, or to be relied upon, by any witness you might expect to call as a witness in the Adversary 15-03382-KLP trial of the Debtor and the Defense of Debtors Objection to C.I. Associates, L.P., proof of claim [Docket No. 40].

3. Produce a full and complete copy of Laura Stephens, files, documents, electronic mails or records of communications regarding the subject matter of the objection or the Complaint; the litigation of the Circuit Court case; settlement proposals; discovery; and any other matter, relevant or not, concerning the allegations. Debtor does not seek privileged or confidential information between lawyer and client but explicitly requests non-privileged files, documents or electronic mails including those provided to third parties or which are records of communications at which a third party were present in person or by electronic means.

4. Produce a full and complete breakdown of the alleged amounts due and owing CIA, LP, including the dates inclusive therein said amounts representing in total $35,600.00, being the same as those in Case No. CL07000095-000.

5. Produce a full and complete breakdown of the alleged amortization schedule used to calculate interest due and owing CIA, LP, including the dates inclusive therein said amounts representing in total $$21,544.88, as identified in CIA, LP., Claim No. 10.

Respectfully submitted, this the 25th day of September, 2015.

/s/ Kimberly Chandler
Kimberly Chandler
Chandler & Pecoraro, PLA
7113 Three Chopt Road, Suite 201
Richmond, Virginia 23226

Counsel for Janice M. Sober

9

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on this day a true and correct copy of defendant's second set of interrogatories, admissions and requests for production of documents were transmitted by the Court's ECF facility addressed to:

W. R. Baldwin, III
Meyer, Baldwin, Long & Moore L.L.P.
5409 Patterson Avenue, Ste 101
Richmond, VA 23226

                                    /s/ Kimberly Chandler
                                    Kimberly Chandler