**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re: Jeffrey M. Sober,** | **Case No. 15-31693-KLP** |
| **Janice M. Sober** | |
| **Debtors,** | |
| | **Chapter 13** |
| **C. I. ASSOCIATES, L.P.,** | |
| **Plaintiff,** | **Case No. 15-03382-KLP** |
| **v.** | |
| **JANICE M. SOBER,** | |
| **Defendant.** | |

**JANICE M. SOBER MOTION TO DISMISS AND MOTION**
**FOR SUMMARY JUDGMENT AND MEMORANDUM**
**OF LAW IN SUPPORT THEREOF**

**NOW COMES** Janice M. Sober ("Sober"), Defendant and ("Debtor"), by counsel, pursuant to FED.R.BANKR.PROC. 7056 and Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and Rule 7012 of the *Federal Rules of Bankruptcy Procedure* and all other applicable legal authorities, and in support of, and as for its motion to dismiss (the "*Motion to Dismiss*") the Plaintiff's Complaint (the "*Complaint*"), and its motion for summary

Kimberly A. Chandler, VSB# 47897
Richard C. Pecoraro, VSB# 48650
CHANDLER PECORARO, PLC
P.O. Box 17586
Richmond, VA 23226
Office: (804) 353-0287

judgment (the "Motion for Summary Judgment"), and motion for hearing on request for attorney fees and costs sought by Defendant states the following:

*Procedural Facts*

1.  Debtor filed her Chapter 13 Petition on March 31, 2015, (hereinafter the "Petition Date").

2.  On June 17, 2015, C. I. Associates, L.P., (hereinafter "CIA, LP"), creditor or Plaintiff, ("Creditor"), filed their proof of claim #10, and exhibits, requesting an amount of $62,529.00, the basis of which Creditor submits is a default judgment order for fraud from Prince George Circuit Court, Case No. CL07000095-000, entered June 29, 2007, ("Creditors Civil Case") purported principal requested of $35,600.00, costs of $192.00, punitive damages of $5,000.00 and post-judgment interest in an amount of $21,544.88 ("Proof of Claim").

3.  On July 3, 2015, CIA, LP, filed a Dischargeability Complaint, commencing Adversary Proceeding No. 15-03382-KLP, under 11 U.S.C. Sections 523(a)4 & 6, a final hearing is scheduled on this matter for November 12, 2015. The allegations of Creditors underlying Complaint, contain no sworn statements or supporting evidence of any kind other than Creditors Exhibits which consist of a prior criminal Conviction and Sentencing Order dated June 19, 2006, and the default order in Creditors Civil Case, which was also attached to the Creditors Proof of Claim.

4.  CIA, LP,'s, Pre-trial Disclosures under Fed. R. Bankr. P. 7026, (the "7026 AP Disclosures"), dated September 21, 2015, attached hereto as Debtors (Exhibit 1) make no reference to the <u>existence</u> of any evidence in the form of depositions, affidavits or expert

2

reports or opinions, that <u>pre-dates</u> the prior default judgment, obtained by Creditor on June 29, 2007.

5.  CIA, LP,'s, Pre-trial Disclosures under Fed. R. Bankr. P. 7026, (the "7026 AP Disclosures"), dated September 21, 2015, make no reference to the <u>existence</u> of any evidence <u>currently</u> in the possession of Creditor in the form of depositions, affidavits, nor expert reports or opinions substantiating any claim against the Debtor. *See* infra Exhibit 1.

6.  On July 22, 2015, Debtor filed their response to the Complaint asserting the underlying default judgment from state court was not entitled to res judicata affect as a matter of law.

7.  Thereafter, on August 20, 2015, Debtor filed an objection to CIA, LP,'s, Proof of Claim, Debtor's Case no. 15-31693-KLP, [Docket no. 40] re-asserting defenses raised in the Debtors response to the Complaint, and on September 29, 2015, Debtor filed a corresponding motion to strike and for motion summary judgment [15-31693-KLP Docket no. 45] ("Motion(s) on Objection") scheduled for hearing on October 14, 2015.

8.  Upon information and belief CIA, LP is currently in default on Debtors aforementioned Motion(s) on Objection [Docket no. 45], responsive pleading having been due on October 7, 2015, and no motion for "good cause" to allow a late response currently pending before the Court, Debtor would ask the Court to take judicial notice that the Debtor is entitled to all presumptions to be drawn thereof in the present case.  Namely, Debtor contends that the underlying claims of the pending adversary proceeding, which are conditioned on the Plaintiff having asserted a valid claim or injury in fact are therefore a nullity.

*Jurisdiction*

9. This Court has jurisdiction over this Motion under its "core" jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. § 1409.

10. Venue is proper pursuant to 28 U.S.C. § 1409 and 28 U.S.C § 1334(b) which establishes the general proposition that state and federal courts have concurrent subject matter jurisdiction over civil proceedings that arise under, arise in, or are related to a bankruptcy case.

11. With regard to the Defendant's Motion to Dismiss and Motion for Summary Judgment, the burden of persuasion rests on the non-moving party, "the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) (internal citations omitted).

## ARGUMENT

**A.    Plaintiffs are Barred from Seeking Relief under the Statute given their present default in defending the underlying claim necessary for establishing injury in fact.**

Debtor affirmatively avers that Plaintiff's failure to defend the Motion(s) on Objection to Creditors underlying Proof of Claim no. 10, results in Plaintiff's inability to plead that a case or controversy currently exists in relations to Creditors injury in fact or

4

alleged fraud and therefore fails to meet the threshold requirement to establish standing in the matter.

A motion to dismiss tests the sufficiency of a complaint but not the merits of the suit. To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the causes of action pled. Pursuant to Rule 12(b)(6), a court considers the facts alleged in the Complaint and reasonable inferences that can be drawn from those facts, in the light most favorable to the Plaintiff. The Court may not, however, assume that the Plaintiff can prove facts alleged. *See Associated Gen. Contractors v. California State Counsel of Carpenters,* 459 U.S. 519, 528 (1983). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the Plaintiff as true. *See G.E. Investment Private Placement Partners II v. Parker,* 247 F.3d 543 (4th Cir 2001). In doing so, dismissal is proper if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* At 548. However, a court need not accept self-serving, generalized, and conclusory allegations as true.

First, Plaintiff must have standing to argue these matters alleged in the Complaint, and "injury in fact" is the most basic element of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). To meet their initial burden, Plaintiff sought to introduce the underlying state court order and presumably sought to establish the matter as res judicata. When Debtor filed his objection to claim and Motion(s) on Objection, Plaintiff thereafter failed to timely respond.

In the case at bar Debtor would argue that Plaintiff's Complaint rests upon a Default Order, dated June 29, 2007, which contains no language to even warrant speculation that any evidence was presented to the State Court, let alone language with sufficient particularity to make the myriad finding required to establish fraud under state law with regards to the $35,600.00, requested in the civil complaint.  Debtor also argues in her Motion(s) on Objection, and Plaintiff does not defend that the default judgment is void for failure of service upon the Debtor.  Plaintiff's therefore fails to establish themselves as a creditor under two equally valid legal requirements.

A plaintiff must provide grounds for entitlement to relief in the complaint, which requires more than a label, or an unsupported conclusion, or a formulaic recitation of the elements of a cause of action. Well-plead factual allegations must "plausibly" support an entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, U.S., 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The *Bell Atlantic* and *Ashcroft* cases make clear that Congress has specifically provided for the dismissal of a complaint at the outset of the litigation if it fails to state a claim upon which relief may be granted.  Here, the speculative nature of any valid state law claim (to the extent any is actually alleged within the Complaint) offers the Court no grounds upon which to find plausibility.  Plaintiff's failure to establish its standing in the prior Objection to Creditor's claim, and his failure to timely withdraw their objection to Defendant's discharge is prejudicial to the Debtor and warrants immediate dismissal with prejudice in Debtors case and all associated fees and costs incurred on behalf of Debtor in continuing to defend the adversary proceeding herein.

The standard for entry of summary judgment under FED.R.BANKR.PROC. 7056 is well established. Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c) (as incorporated by FED.R.BANKR.PROC. 7056). A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether this showing has been made, the court must assess the evidence in the light most favorable to the party opposing the motion. *See, e.g., Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Summary judgment is appropriate only where there are no "disputes over facts that might affect the outcome of the suit," not mere peripheral or irrelevant facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party demonstrates that there is no genuine issue of material fact, the burden then shifts to the nonmoving party to produce evidence to demonstrate that there is indeed a genuine issue for trial. FED.R.CIV.P. 56(e)(2). ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."); *See also RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 661 (4th Cir. 1992). Summary judgment "is favored as a mechanism to secure the 'just, speedy and inexpensive determination' of a case" when the requirements of Rule 56 are met.

7

*Thompson Everett, Inc., v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1322- 23 (4th Cir. 1995)(*quoting* FED.R.CIV.P. 1).

**B.    The Circuit Court's ruling cannot be held as binding upon the Debtor given that Creditor presented no probative or affirmative evidence to the State Court and the State Court Default Order cites no evidence whatsoever that the Court had before it to consider upon the default motion.**

In the case at bar Creditor's Default Order, dated June 29, 2007, attached to the Complaint contains no language to even warrant speculation that any evidence was presented to the State Court, let alone language with sufficient particularity to make the findings required to establish fraud with regards to the $35,600.00, requested in the civil complaint. Given that no evidence regarding fraud or any of its elements are available from the State Court records and the Creditors, pre-trial 7026 AP Disclosures, filed untimely without a request for leave from the Court (Exhibit 1) make no reference to the <u>existence</u> of any affidavits, depositions, expert reports or opinions, or any sworn statements by anyone at any time, one can only guess that the Creditor relied on the Debtors prior criminal conviction as evidence of fraud to obtain the Default Judgment. Such speculations are entitled to no probative value or weight in the case at bar.

The term "res judicata" includes both claim and issue preclusion. Under claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 59 L. Ed. 2d 210; 99 S. Ct. 970 (1979). However,

> Issue preclusion, also referred to as collateral estoppel, states that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits involving a party to the prior litigation based on a different cause of action. *Montana,* 440

8

> U.S. at 153. An indispensable requirement of issue preclusion is the actual litigation of the issue. *In re Raynor*, 922 F.2d 1146, 1149 (4th Cir. 1991). *See also Combs v. Richardson*, 838 F.2d 112 (4th Cir. 1988).

*In re Williams Contract Furniture, Inc.*, 148 B.R. 799, 802 (Bankr. E.D. Va. 1992).

In the matter of *TransDulles Ctr., Inc. v. Sharma*, 252 Va. 20, 22-23, 472 S.E.2d 274, 275 (1996), Virginia Supreme Court ruled that collateral estoppel may apply in a default judgment if certain criteria were met.

> For the doctrine to apply, the parties to the two proceedings, or their privies, must be the same; *the factual issue sought to be litigated **actually must have been litigated** in the prior action* and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action. *Glasco v. Ballard*, 249 Va. 61, 64, 452 S.E.2d 854, 855 (1995). Additionally, collateral estoppel in Virginia requires mutuality, that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result. *Norfolk & Western Ry, v. Bailey Lumber Co.*, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980) *(emphasis supplied)*.

*TransDulles Ctr., Inc. v. Sharma*, 252 Va. at 22-23, 472 S.E.2d at 475.

The Fourth Circuit, in *Capital Hauling, Inc. v. Forbes*, 75 F. App'x 170, 172 (4th Cir. 2003), a un-published opinion, found that there was nothing in the record to show that the issue of fraud had actually been litigated and the matter was reversed and remanded.

> Under Virginia law, a default judgment can create collateral estoppel, but all the requirements of collateral estoppel must still be satisfied; in particular, *"the factual issue sought to be litigated actually must have been litigated* in the prior action." *TransDulles Center, Inc. v. Sharma,* 252 Va. 20, 22-23, 472 S.E.2d 274 (1996). In the instant case, there is nothing in the record establishing that "testimonial and documentary evidence was presented" in the state court proceeding, or that "proof was presented" of any kind as to whether appellant committed fraud, or indeed that anything occurred at all at the state court trial other than the entry of a money judgment. *Id.* at 24, 472 S.E.2d 274 *(emphasis supplied).*

9

*Capital Hauling, Inc. v. Forbes*, 75 F. App'x at 171 (4th Cir. 2003)

The Debtor further relies upon the decision of Judge Santoro where, the only evidence of the proceedings in state court were the Plaintiff's Motion for Default Judgment and the Court's Judgment Order, which stated: "the defendants having not answered the plaintiff's motion for judgment and being solemnly called came not . . . . And the evidence of the plaintiff being heard".

Judge Santoro rejected Plaintiff's assertion that such a record should be given collateral estoppel affect, and ruled the matter was not "actually litigated". *Reed v. Owens (In re Owens),* 449 B.R. 239 (Bankr. E.D. Va. 2011).

Moreover, CIA, LP, had the occasion and duty to present such evidence upon default and then accordingly delineate such findings conclusively by citing the evidentiary basis for its $ 35,600.00 award, which is no small sum.  Creditor's indifference to these duties should be held against the drafter of the order. Therefore, the language used namely "argument" by Counsel should be given its plain meaning.  The online Webster-Merriam dictionary defines "argument" as**:** 1. a statement or series of statements for or against something; 2. a discussion in which people express different opinions about something; or 3. an angry disagreement.[1]  Accordingly, why should <u>this</u> Court read into the proffered Default Order any "fact" where absolutely no evidence is cited?  Namely, the prior order stated the Circuit Court accepted Counsel's "statements" or "opinion" that the Debtor

---

[1] http://www.merriam-webster.com/dictionary/argument

committed fraud. Certainly, CIA, LP's, Counsel is not and was not a proper witness to any of these factual matters. Debtor contends the underlying judgment for fraud is thereby unadjudicated as a matter of law.

The Creditor's Default Judgment, requesting to establish as a matter of law that Creditors claim of $62,529.00, should be given full affect by this Court as a liquidated claim, should be barred as it related to any attempt to establish fraud in the case at bar. There is a strict statute of limitation imposed under Virginia law to litigate fraud against a Debtor, the applicable statute of limitations for actual fraud, is two years from discovery. Code § 8.01-243(A). To the extent, if at all, Creditor can rely on federal law to liquidate his claim, such claims would also be barred, by the applicable statutes of limitations, including but not limited to 18 U.S.C. §3282. Debtor contends that in the time period that has passed in relation to any claim herein that the passage of time beyond the two year period is prejudicial to Debtor in that former witnesses and records are now impossible to locate and rely upon to defend this matter. Creditor had the last best chance to present his prima facie case to the state court and in failing to do so is his own worst enemy with regards to establishing his claim timely.

## ARGUMENT

No genuine issues of material fact are present and Debtor is entitled to judgment as a matter of law. The Creditors failure to file a timely Response or Motion for leave of the Court to file a late response to Debtor's Motion(s) on Objection Claim [15-31693-KLP Docket no. 45], suggests Creditor cannot defend the matter as res judicata in regards to the underlying Default Judgment Order. Creditor at this juncture cannot

11

substantiate the existence of some factual evidence presented at the prior default hearing, and therefore cannot meet his burden to establish the matter as litigated let alone "actually litigated".  Further, the public records retained by the Circuit Court, supports Debtor contention that the plain language of the default order omits reference to any evidence presented at hearing for one simple reason.  There was none.

A timely ruling herein would be in the best interest of judicial economy and at this juncture would save unnecessary and excessive costs to the Chapter 13 estate in the preparation for trial.  Debtor takes the position that an affirmative ruling on the Objection to Claim, shall make moot other matters pending before this Court.  Debtor further, contends a delay in ruling at this juncture will cause each side unnecessary costs and expense as the underlying claims which are now <u>ten</u> years old remain unliquidated and are therefore barred by the applicable statute of limitations.

**WHEREFORE,** for the foregoing reasons, Debtor, respectfully requests that this Court (1) grant its Motion to Dismiss; and (2) its Motion for Summary Judgment, and (3) award to Debtor such other and further legal and equitable relief as may be just and proper.

Respectfully Submitted,

Janice M. Sober,

**By Counsel**

/s/ Kimberly A. Chandler
Kimberly A. Chandler, Esq. (VSB# 47897)
Chandler Pecoraro, PLC
P.O. Box 17586
Richmond, VA 23226

Telephone (804) 353-0287
    Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2015, I have transmitted a true copy of the foregoing Motion to Dismiss and Motion for Summary Judgment electronically through the Court's CM/ECF system or by mail if other than by the electronic means to the Chapter 13 Trustee and W. R. Baldwin, III, Esq., Meyer Baldwin Long & Moore, LLP, 5409 Patterson Ave., Ste. 101, Richmond, VA 23226.

                                    /s/ Kimberly A. Chandler
                                    Kimberly A. Chandler, Esq. (VSB#47897)